105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ed FINKLESTEIN, Plaintiff-Appellant,
v.
NATIONAL ENQUIRER, INC.; Iain Calder, Defendants-Appellees.
 No. 95-15853.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996*.
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ed Finklestein appeals pro se the district court's summary judgment in favor of the defendants in Finklestein's action alleging copyright infringement when the National Enquirer used his idea but did not compensate him.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. After a de novo review of the record, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), we affirm.
 
 
 3
 Here, Finkelstein presented no probative evidence to demonstrate a genuine issue of fact as to the meaning or validity of the contract he signed in 1986. The district court did not err in concluding that summary judgment was appropriate and that the contract was enforceable, and that it prohibited Finklestein from sending submissions and demanding payment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).
 
 
 4
 Additionally, Finklestein presented no probative evidence to the district court to support his allegations that the Enquirer infringed any copyright law because they used his idea, or that he had a right to compensation under a theory of implied contract. See Worth v. Selchow & Righter Co., 827 F.2d 569, 572 (9th Cir.1987). The district court did not err in concluding that summary judgment was appropriate under these grounds. See Celotex, 477 U.S. at 323-24.
 
 
 5
 Finklestein contends that the district court abused its discretion by denying his requests for discovery prior to granting summary judgment in favor of the defendants. This contention lacks merit.
 
 
 6
 Here, Finklestein failed to show how further discovery would have precluded summary judgment. See Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1181 (9th Cir.1988) (affirming district court's refusal to extend discovery beyond three months). Accordingly, the district court did not abuse its discretion in limiting discovery, and not allowing additional discovery before granting summary judgment. See Qualls, 22 F.3d at 844; Century 21 Real Estate Corp., 846 F.2d at 1181.
 
 
 7
 Finklestein contends that the district court abused its discretion by denying his motion to recuse Judge Browning. This contention lacks merit.
 
 
 8
 Here, Finklestein argues that Judge Browning was biased against him because of a lawsuit in 1986. Finklestein failed, however, to show that Judge Browning displayed a deep-seated favoritism or antagonism in his deliberations. See 28 U.S.C. § 455(a); U.S. v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994). Accordingly, the district court did not abuse its discretion by denying Finklestein's recusal motion. See id. at 1149.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants removed this action to the United States District Court of Arizona from the Pima County Superior Court on October 7, 1993
 
 
 [2]
 The appellant's motion to file an oversized brief is granted. Accordingly, the clerk of the court shall file the brief received on June 10, 1996